Guy D. Knoller - #002803
Law Offices of Guy David Knoller, P.L.L.C.
7321 N. 16th Street
Phoenix, Arizona 85020
(602) 254-6044
E-Mail: guydknoller@gmail.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MESHELLE ROWLAND,<br><br>       Plaintiff,<br><br>   vs.<br><br>RICHLAND RESEARCH CORPORATION dba PIONEER RESEARCH CORPORATION; VALARIE SMILOVIC; GABE YOUNG; PETER O'CONNELL; DAVE WHITTAKER<br><br>       Defendants. | No.<br><br>**COMPLAINT**<br><br>Demand for Jury Trial |

Plaintiff alleges as follows:

### FIRST CLAIM FOR RELIEF
(Fair Labor Standards Act)

1. Plaintiff is a resident of Maricopa County, Arizona.

2. Defendant RICHLAND RESEARCH CORPORATION dab PIONEER RESEARCH CORPORATION is an Arizona corporation authorized to do business in Arizona with its principal place of business in Maricopa County, Arizona.

3. The individually named defendants are "employers" within the meaning the §203(d) of the Fair Labor Standards Act as acting directly or indirectly in the interest of the employer[1]—the corporate defendant.

4. Jurisdiction is based upon 29 U.S.C. §216(b), the Fair Labor Standards Act.

5. Plaintiff worked for Defendant for more than four years.

6. Plaintiff was not paid overtime, at the rate of one and one-half his hourly rate of pay (minimum wage) for all hours worked in excess of 40 each week.

7. Plaintiff worked approximately 60 hours of overtime (and possibly more) for 2013 (over 40 hours in one week), 1768 hours for 2014; 2080 hours for 2015; more than 2000 hours for 2016 for which she was not paid at the rate of time and one-half.

8. Defendant's conduct was willful.

9. Plaintiff is entitled to overtime at the rate of time and one-half for all hours worked in excess of 40 for each week.

10. Plaintiff is entitled to liquidated damages: double the amount due pursuant to 29 U.S.C. §216(b).

11. Plaintiff is entitled to attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

12. Defendant also violated the record keeping requirements of the FLSA.

WHEREFORE Plaintiff requests judgment against Defendants, jointly and severally for:

---

[1] By, among other things, setting the terms and conditions of employment including compensation, wages, hours, time off, raises, and scheduling.

1. Damages for overtime pay with interest;

2. For liquidated damages;

3. For reasonable attorneys fees, which are mandatory, and costs incurred herein; and,

4. Such other relief that this Court deems appropriate.

**SECOND CLAIM FOR RELIEF**
(Non-Payment of Wages)

13. The preceding allegations of the Complaint are incorporated by reference herein.

14. Plaintiff has not been paid all wages due her.

15. Defendants violated A.R.S. §23-350 *et seq.* by not paying Plaintiff the wages due her: pay at the rate of time and one-half for hours worked in excess of 40 in one week (the number of hours not paid is stated above under overtime); and illegally taking back minimum wages paid.[2]

16. Plaintiff is entitled to treble damages pursuant to A.R.S. §23-355.

17. Plaintiff was not paid all commissions due her (there were splits and deductions contrary to the agreement between the parties) in violation of A.R.S. §44-1798.02.

WHEREFORE Plaintiff requests:

1. Damages in an amount to be proven at trial, together with interest thereon from the date of delinquency until paid.

---

[2] Defendant would pay $500 in a week when no commissions were received. When commissions were received the $500 was deducted illegally as a payback for the minimum wages paid.

2. For reasonable attorneys fees and costs.

3. For treble damages pursuant to ARS 44-1798.02C.

4. For such other relief as this Court deems appropriate.

### THIRD CLAIM FOR RELIEF
(Federal and Arizona Minimum Wage Violation)

18. The preceding allegations of the Complaint are incorporated by reference herein.

19. During Plaintiff's employment she was not paid for all time worked.

20. For the time worked, but not paid, Plaintiff is entitled to minimum wages from the date of enactment of the Arizona Minimum Wage Statute until paid.

21. The Arizona Minimum Wage Statute, as does the Fair Labor Standards Act provide for mandatory attorneys fees for Plaintiff.

22. Plaintiff has not been paid minimum wages for approximately 60 hours for 2013; 1768 hours for 2014; 2080 hours for 2015; and more than 2000 hours for 2016 -- hours worked but not paid for 4 years preceding the filing of the complaint.

WHEREFORE Plaintiff requests judgment:

1. For damages for all monies owed but not paid;

2. For liquidated damages provided by statute;

3. For attorneys fees and costs mandated by statute incurred herein; and,

4. For such other relief this court deems appropriate.

///

1  DATED this 19th day of December 19, 2016.

/s/ Guy D. Knoller
Guy D. Knoller
Attorney for Plaintiff